IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02271-BNB

DARRELL ALAN HYBERG,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
            COLORADO

JAN 14 2010

GREGORY C. LANGHAM
              CLERK

---

### ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant, Darrell Alan Hyberg, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Sterling Correctional Facility. Mr. Hyberg initiated this action by submitting to the Court a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Hyberg is challenging the validity of his conviction and sentence in Case No. 01CR2042, in the El Paso County District Court.

In an order filed on November 6, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. Respondents filed a Pre-Answer Response on November 23, 2009. Mr. Hyberg filed a reply on December 7, 2009.

The Court must construe liberally the Amended Application filed by Mr. Hyberg because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Amended Application drawn in part and dismissed in part.

On March 22, 2003, Mr. Hyberg was convicted by a jury of first degree murder, first degree burglary, second degree burglary, and a related crime of violence count. Pre-Answer Resp. Ex. A at p. 21. On April 1, 2003, the trial court sentenced Mr. Hyberg to life without parole and concurrent sentences of 32 and 24 years in prison. *Id.* at 22.

Mr. Hyberg filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on April 7, 2005. *See People v. Hyberg*, No. 03CA0918 (Colo. App. April 7, 2005) (unpublished opinion). Mr. Hyberg did not seek certiorari review in the Colorado Supreme Court (CSC). The mandate issued on June 10, 2005. Pre-Answer Resp. at Ex. E.

On December 8, 2005, Mr. Hyberg filed a "Petition for a Rule to Show Cause in Exercise of Original Jurisdiction" in the CSC on December 8, 2005. *Id.* at Ex. F. The Petition was denied on December 19, 2005. *Id.* at Ex. A, p. 23.

On February 28, 2006, Mr. Hyberg filed a state habeas corpus petition in Logan County District Court. *Id.* at Ex. R, p. 3. The Logan County District Court converted the habeas corpus petition to a Colo. R. Crim. P. 35(c) motion, and transferred the case to

El Paso County District Court. *Id.* On November 7, 2006, Mr. Hyberg re-filed his state habeas action in El Paso County District Court, despite the fact that his Logan County habeas petition had already been incorporated into his original criminal case. *Id.* at Ex. G. The El Paso County District Court denied the converted Rule 35(c) motion by order dated January 31, 2007. *Id.* at Ex. A, p. 24. On February 26, 2007, the El Paso County District Court closed Mr. Hyberg's civil habeas, consolidating it into his criminal case and the converted Rule 35(c) motion. *Id.*

Mr. Hyberg filed an appeal of the converted Rule 35(c) motion to the CCA on March 15, 2007. *Id.* The CCA affirmed the El Paso County District Court on February 26, 2009. **See People v. Hyberg**, No. 07CA0489 (Colo. App. Feb. 26, 2009) (unpublished opinion). Mr. Hyberg filed a Petition for Rehearing, which the CCA denied on April 9, 2009. *Id.* at Ex. N. Mr. Hyberg sought certiorari review, which the CSC denied on July 20, 2009. *Id.* at Ex. P.

Mr. Hyberg then filed the original Application, which was received by the Court on September 17, 2009, and the Amended Application, which was received by the Court on October 23, 2009. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Hyberg asserts seven claims for relief. Respondents assert that Claims Three through Six and a portion of Claim Seven are unexhausted. Respondents argue that Mr. Hyberg failed to present properly these claims to the CCA. Pre-Answer Resp. at 20-26. Accordingly, Respondents assert that these claims are now procedurally barred. *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See* **Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); *see also* **Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See* **Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Moreover, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has

exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Hyberg's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Upon review of the opening brief in Mr. Hyberg's Rule 35(c) appeal in state court and the Amended Application, the Court finds the following. In Claim Three, Mr. Hyberg argues that appellate counsel refused to raise a "dead bang winner" on appeal, because she failed to raise the argument that the trial judge denied him the right to present a defense. Amended Application at 13. Respondents argue that Mr. Hyberg

failed to raise a similar claim in his converted Rule 35(c) motion to the state court. Pre-Answer Resp. at 18-19. Although Mr. Hyberg then raised this claim upon his appeal to the CCA, Respondents assert, and the Court agrees, that the CCA declined to consider the claim because Mr. Hyberg had failed to include the issue in his Rule 35(c) motion. *Id.*; Ex. L at 12 (citing **People v. Goldman**, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review."). Presenting the claim only to the Colorado Court of Appeals does not satisfy the requirement that a claim must be fairly presented to the state courts. Without raising his claims in the trial court, Mr. Hyberg did not meet the requirement set forth under *O'Sullivan* that he complete one round of the State's established normal appellate review process.

Mr. Hyberg no longer has an adequate and effective state remedy available to him. **See Castille**, 489 U.S. at 351. With limited exceptions that are not applicable to Mr. Hyberg's Amended Application, the Colorado Rules of Criminal Procedure bar him from raising a claim in a successive postconviction motion. **See** Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also* **People v. Bastardo**, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

In his Reply, Mr. Hyberg fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that Claim Three is procedurally barred and must be dismissed.

In Claim Four, Mr. Hyberg argues that his trial counsel provided ineffective assistance by failing to investigate and uncover exculpatory evidence. Amended Application at 14-15. In Claim Five, Mr. Hyberg asserts that the trial court abused its discretion by failing to inquire into a potential conflict between Mr. Hyberg and his trial counsel. *Id.* at 16-17. In Claim Six, Mr. Hyberg asserts that the trial court denied him the right to self representation and to present a defense. *Id.* at 18-19. Mr. Hyberg concedes that he has not exhausted these claims. *Id.* at 15, 17, 19. In his Reply, he asserts that he intends to raise these issues in a Rule 35(c) motion in state court. Reply at 5. The Court finds Mr. Hyberg failed to exhaust his state court remedies in Claims Four, Five, and Six that he is raising in this action. The claims, therefore, are procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII).

In his Reply, Mr. Hyberg fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that Claims Four, Five and Six are procedurally barred and must be dismissed.

Finally, in Claim Seven, Mr. Hyberg asserts that the trial court erred in failing to find that, but for appellate counsel's deficient performance, there is a reasonable probability that the outcome of his trial would have been different. Amended

Application at 20. Mr. Hyberg also asserts that the trial court's error "chilled his right to due process and effective assistance of counsel," which prejudiced his "ability to prepare and present a fully and fairly litigated 35(c) motion." *Id.* Respondents argue that this claim is only partially exhausted, because the alleged "chilling" and resulting constitutional deprivations have never been presented to any state court. Pre-Answer Resp. at 26. Mr. Hyberg concedes that this portion of Claim Seven is unexhausted, and argues that he intends to raise this claim in a Rule 35(c) motion in state court. Reply at 5. The Court finds Mr. Hyberg failed to exhaust his state court remedies for the portion of Claim Seven that alleges "chilling" and other resulting constitutional deprivations. This portion of Claim Seven, therefore, is procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII).

In his Reply, Mr. Hyberg fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that this portion of Claim Seven is procedurally barred and must be dismissed.

Based on the above findings, the Court will dismiss Claims Three, Four, Five, Six and a portion of Claim Seven as procedurally barred. Claims One, Two and the remaining portion of Claim Seven will be drawn to a district judge and to a magistrate judge for further consideration of the merits. Accordingly, it is

ORDERED that Claims Three, Four, Five, Six and a portion of Claim Seven are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claims One, Two and the remaining portion of Claim Seven shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this *13th* day of _January_, 2010.

BY THE COURT:

_____ for
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02271-BNB

Darrel Alan Hyberg, Jr.
Prisoner No. 117079
Sterling Correctional Facility
PO Box 6000 - Unit 4A
Sterling, CO 80751

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/14/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk