IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02271-CMA-MEH

DARREL ALAN HYBERG,

    Applicant,

v.

KEVIN MILYARD, Warden, and,
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

**RECOMMENDATION ON MOTION TO RECONSIDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Applicant's "Motion Under Rule 60 Federal Civil Rules" [filed January 25, 2010; docket #17], which the Court construes as a Motion to Alter or Amend a Judgment pursuant to Fed. R. Civ. P. 59(e). The matter is referred to this Court for recommendation. (Docket #18.) The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons stated herein, the Court RECOMMENDS that the motion be **DENIED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

On October 23, 2009, Applicant *pro se* initiated this action by filing an amended Application seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #5.) The amended Application raises a total of seven claims challenging the validity of Applicant's conviction and sentence in Case No. 01CR2042, as resolved by the El Paso County District Court. (*Id.*)

In Claims One, Two, and Three of his amended Application, Applicant contends that his appellate counsel on direct review provided ineffective assistance of counsel because (1) appellate counsel failed to file a petition for certiorari to the Colorado Supreme Court, (2) appellate counsel suffered from a conflict of interest, and (3) appellate counsel failed to raise a "Dead Bang Winner" on direct review. (*Id.* at 8, 11, 13.) In Claim Four, Applicant asserts that his trial counsel provided ineffective assistance by failing to investigate and uncover exculpatory evidence. (*Id.* at 14.) In Claim Five, Applicant maintains that the trial court abused its discretion by failing to inquire into a potential conflict of interest. (*Id.* at 16.) In his sixth Claim, Applicant alleges that the trial court abused its discretion by denying Applicant his right to self representation and to a defense. (*Id.* at 18.) Finally, in Claim Seven, Applicant avers that the postconviction court erred in failing to find that, but-for appellate counsel's deficient performance, "there exists a reasonable probability that the outcome would have been different" which "unconstitutionally chilled [Applicant's] right to Due Process and effective assistance of counsel." (*Id.* at 20.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the District Court was required to review the Application and dismiss any portion for which the Applicant would not be entitled to relief. In an Order dated January 14, 2010, Judge Brimmer dismissed Claims Three, Four, Five, Six, and a portion of Claim Seven as procedurally barred. (Docket #11 at 8.) Judge Brimmer allowed Claims One, Two, and the remaining portion of Claim Seven to proceed. (*Id.*)

On January 25, 2010, Applicant filed the within motion objecting to Judge Brimmer's Order. First, Applicant argues that the District Court did not have jurisdiction to determine that Applicant's claims were procedurally barred under state law. (Docket #17 at 1.) Next, Applicant contends that Judge Brimmer incorrectly applied Colo. R. Crim. P. 35(c)(3)(VII). (*Id.* at 1-2.) Applicant also asserts that, contrary to Judge Brimmer's Order, Applicant has shown "cause" and "prejudice" for the procedurally defaulted claims, and that this Court should "stay and abet" this action so that Applicant can "return to state district court to exhaust these unexhausted claims." (*Id.* at 2, 4, 6.) Additionally, Applicant maintains that his claims are not procedurally barred because the District Court incorrectly held that Applicant was time barred from filing a post conviction motion pursuant to Colo. Rev. Stat. § 16-5-402. (*Id.* at 4.) Finally, Applicant challenges whether the Order is valid because "it was not entered by a judge," but rather, "by an unknown person who may or may not have the authority to issue rulings." (*Id.* at 5.)

## **LEGAL STANDARD**

The Court must construe the Applicant's motion liberally because Applicant is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Although Applicant titles his motion as pursuant to Rule 60, and the government responds with a Rule 60 analysis, this Court believes Fed. R Civ. P 59(e) is the appropriate rule to apply in this matter.[2] A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R.

---

[2] Moreover, Rule 59(e) is a more favorable analysis for Applicant. In light of the Court's obligations to liberally construe *pro se* filings and the reasons stated above, the Court finds that Rule 59(e) provides the correct standard.

Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Determining the rule that applies to a motion to reconsider depends on the time such motion is served. *Id.* A motion to reconsider filed within the time allowed under Fed. R. Civ. P. 59(e) should be considered pursuant to Rule 59(e), and a motion filed after the time allowed under Rule 59(e) should be considered pursuant to Rule 60(b).[3] *See id.* Fed R. Civ. P. 59(e) requires that a motion to alter or amend be "filed no later than 28 days after the entry of the judgment." Fed. R. Civ P. 59(e) (2010). Here, Applicant filed his Motion within twenty-eight days after the Judge Brimmer's Order was entered on January 14, 2010. (*See* docket # 11.) Thus, this Court will consider Applicant's Motion pursuant to Rule 59(e). *See Van Skiver* 952 F.2d at 1243.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original application. *Paraclete*, 204 F.3d at 1012. Thus, such a motion is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* However, a motion to alter or amend that reiterates issues originally raised

---

[3] Effective December 1, 2009, Rule 59(e) has been amended to provide that a motion to alter or amend a judgment may be filed within twenty-eight days after the entry of judgment. Previously, Rule 59(e) stated that a motion to alter or amend a judgment should be filed within ten days. In *Van Skiver*, the court held that if a motion was filed within ten days of a judgment it would be considered pursuant to Rule 59(e), which reflected the time that was given to file under 59(e) at the time of the decision: ten days. *See* 929 F.2d 1241. Because the 2009 amendment to Rule 59(e) allows for twenty-eight days to file, this Court will consider a motion to reconsider pursuant to Rule 59(e) if it is filed within twenty-eight days of a judgment.

in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

Here, Applicant's motion refers to no "intervening change in controlling law" nor "the availability of new evidence." Thus, the Court construes Applicant's motion as seeking to challenge the legal correctness of the District Court's judgment. For the reasons stated below, this Court perceives no clear error nor manifest injustice in Judge Brimmer's Order.

## ANALYSIS

**I.     Lack of Jurisdiction**

In his motion, Applicant asserts that the District Court lacked jurisdiction to determine if his claims were procedurally barred pursuant to Colo. R. Crim. P. 35(c)(3)(VII). (Docket #17 at 1.) Specifically, Applicant claims that determinations involving a state procedural rule are "under the jurisdiction of the state District Court not the Federal Court." (*Id.*) However, the Supreme Court has authorized federal courts to determine whether an application for habeas corpus would be barred under state procedural law, and to decide if "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Accordingly, this Court finds no clear error or manifest injustice arising from Judge Brimmer's Order relating to jurisdiction over Applicant's claims under state procedural law.

**II.    Claim Three**

Applicant contends that the District Court misapplied the law in relation to Claim Three. Specifically, Applicant alleges that his procedural default for Claim Three was caused by ineffective

assistance of counsel. (Docket #17 at 2.) "[C]onstitutionally ineffective assistance of counsel may establish cause excusing [an applicant's] procedural default of claims." *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). Applicant claims that his appellate counsel provided ineffective assistance because she failed to raise a "Dead Bang Winner" on direct review. (Docket #5 at 13.) However, the Colorado Court of Appeals declined to consider Claim Three because it was not presented to the state district court in Applicant's Rule 35(c) motion, not because Applicant's appellate counsel failed to raise it on direct review. (Docket #11 at 7.) Thus, Judge Brimmer correctly held that Claim Three was procedurally defaulted because it did not "complete one round of the State's established normal appellate review process." (*Id.* at 6-7.) *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The record indicates that ineffective assistance of appellate counsel was not the cause of the procedural default; thus, this Court finds that the District Court did not misapply the law to Claim Three.

### III.     Claims Four, Five, Six, and Seven

Applicant asserts that the District Court incorrectly determined that Claims Four, Five, Six, and a portion of Claim Seven were procedurally defaulted. (Docket #17 at 1-3.) Applicant concedes that he has not exhausted state remedies for these claims. (Docket #5 at 15, 17, 19; docket #10 at 6.) The District Court recognized that state remedies had not been exhausted, and consequently, held that the claims are procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII). (Docket #11 at 7-8.) Colo R. Crim. P. 35(c)(3)(VII) states that, "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Claims Four, Five, Six and the portion of Claim Seven that were dismissed could have been presented in Applicant's previous Rule 35(c) proceeding, but Applicant failed to do so. Accordingly, this Court finds no misapplication of the law in relation to the determination that

6

Claims Four, Five, Six, and a portion of Claim Seven were procedurally defaulted.

IV.     **Failure to Show Cause and Prejudice**

Applicant contends that the District Court erred in determining that Applicant failed to show "cause and prejudice" for these procedural defaults. (Docket #17 at 2.) Applicant's Claims Three through Six and a portion of Claim Seven would not have been dismissed if he could have shown "cause and prejudice" for the procedural defaults. *See Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). Judge Brimmer held that Applicant had not demonstrated cause or prejudice for any of his procedural defaults. (*See* docket #11.) In his request to have the Claims reinstated, Applicant asserts that cause and/or prejudice was shown because the El Paso County District Court treated his "state Habeas Corpus as a 35(c) Motion and denied it without a hearing."[4] (Docket #17 at 3.) Applicant maintains that this denial without a hearing was the cause of his procedural defaults and that prejudice resulted. (*Id.*) However, denying Applicant's 35(c) motion without a hearing was within the authority of the trial court. A trial court may deny a 35(c) motion without granting a hearing "in those cases where the motion, the files, and the record in the case clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant post-conviction relief." *People v. Hutton*, 517 P.2d 392, 394 (Colo. 1973). Thus, the denial of a hearing for a 35(c) motion, standing alone, does not show "cause and prejudice" for Applicant's procedural defaults. Accordingly, this Court sees no misapplication of the law arising from Judge Brimmer's determination that Applicant has failed to demonstrate either cause or prejudice for his procedural defaults.

---

[4]Applicant originally filed a state habeas corpus petition, which the Logan County Court treated as a petition for postconviction relief governed by Colo. R. Crim. P. 35(c). (Docket #11 at 2-3.) The Logan County Court transferred the case to El Paso County District Court as Case No. 01CR2042, the case number of Applicant's original criminal case. (*Id.*) The converted Rule 35(c) motion was subsequently denied without a hearing. (*Id.*)

## V. Applicant's Request to Stay and Abet Defaulted Claims

Applicant requests that this Court "stay and abet" the claims that were ruled procedurally defaulted so that Applicant may return to state court and exhaust his unexhausted claims. (Docket #17 at 4, 6.) *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). "When a petitioner raises a new claim in federal court *that is not barred on other procedural grounds*, the federal court may, in appropriate circumstance, hold the federal case in abeyance to allow the petitioner to take his unexhausted claim back to state court for adjudication." *Fairchild v. Workman*, 579 F.3d 1134, 1152 (10th Cir. 2009) (citing *Rhines*, 544 U.S. at 278-79) (emphasis added).

Here, it would be inappropriate to "hold the federal case in abeyance to allow [Applicant] to take his unexhausted claim[s] back to state court for adjudication" because Applicant no longer has an adequate and effective state remedy available to him for the Claims that were dismissed. *Id.* Claims Three through Six and part of Claim Seven are procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII) because Rule 35(c)(3)(VII) requires a court to "deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Claims Three through Six and the portion of Claim Seven that was dismissed could have been presented in Applicant's previous Rule 35(c) proceeding, but Applicant failed to do so. Thus, a state court would be procedurally barred from considering the Claims that Applicant asks this court to "stay and abet." Accordingly, it would be inappropriate for this Court to hold Applicant's procedurally defaulted claims in abeyance so that he could take them back to state court for exhaustion purposes.

## VI. Time Bar under Colo. Rev. Stat. §16-5-402

Applicant also asks this Court to "correct [the Court's] ruling concerning § 16-5-402" because "Applicant is under no time bar to file a postconviction motion due to his governing

8

sentence" of "felony 1 life without parole." (Docket #17 at 5.) Applicant asserts that Colo. Rev. Stat. § 16-5-402 cannot be the basis upon which his claims are procedurally barred. (*Id.*) This claim is without merit because, contrary to Applicant's assertions, the District Court held that Applicant's claims were procedurally defaulted pursuant to Colo. R. Crim. P. 35(c)(3)(VII). (*See* docket #11 at 6-8.) The Order does not rely on Colo. Rev. Stat. § 16-5-402 to show that Applicant's Claims are procedurally defaulted. Thus, this argument is without merit and cannot provide a basis for reconsideration.

## VII. Authority to Enter the Order

Finally, Applicant challenges Judge Brimmer's Order on the grounds that it was "entered for a judge by an unknown person who may or may not have the authority to issue rulings." (Docket #17 at 5.) Judge Brimmer, a United States District Judge, signed the Order on January 13, 2010. (Docket #11 at 9.) Accordingly, this Court sees no clear error or manifest injustice in relation to the entering of the Order.

## CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby RECOMMEND that the District Court **DENY** Applicant's "Motion Under Rule 60 Federal Civil Rules" [filed January 25, 2010; docket #17].

Dated at Denver, Colorado, this 25th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge