IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02271-CMA-MEH

DARRELL ALAN HYBERG,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER ADOPTING AND AFFIRMING JUNE 25, 2010 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court upon Magistrate Judge Hegarty's Recommendation of June 25, 2010 (Doc. # 30). Magistrate Judge Hegarty recommended the Court deny Applicant's "Motion Under Rule 60 Federal Civil Rules" (Doc. # 17).

Applicant has filed a timely objection to the Recommendation (Doc. # 31). After reviewing the Magistrate Judge's Recommendation *de novo*, see Fed. R. Civ. P. 72(b)(3), the Court adopts the Recommendation.

## I.  BACKGROUND

The facts are detailed in the Recommendation, which the Court incorporates herein. The Court will recite the facts, as needed, in its analysis. A short recap follows.

Applicant is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Sterling Correctional Facility. He initiated this action

on October 23, 2009, when he filed a *pro se* amended Application seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 5). Applicant is challenging the validity of his conviction and sentence in Case No. 01CR2042, as resolved by the El Paso County District Court. His amended Application raises seven claims.

On January 14, 2010, Judge Brimmer issued an Order pursuant to Rule 4 of the § 2254 Rules.[1] Upon his review of the Application, Judge Brimmer dismissed several claims for which he concluded Applicant was not entitled to relief. Applicant then filed the at-issue motion, seeking reconsideration of that Order. The motion was referred to Magistrate Judge Hegarty, who issued a Recommendation on it.

## II. STANDARD OF REVIEW

### A.  REPORT AND RECOMMENDATION

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The

---

[1] "Rule 4 of the § 2254 Rules instructs a district court to conduct a preliminary review of a state habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1087 (10th Cir. 2008) (quoting Section 2254 Rule 4)).

requirement that objections be timely and specific "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *Id.*; *accord United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981) ("[T]he fundamental congressional policy underlying the Magistrate's Act [is] to improve access to the federal courts and aid the efficient administration of justice."). "[A] party's objections to the magistrate judge's recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *Id.* at 1060. In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.**     *PRO SE* **LITIGANT**

Applicant is proceeding *pro* se; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  DISCUSSION

In a motion entitled "Motion Under Rule 60 Federal Civil Rules," Applicant requests the Court reconsider Judge Brimmer's Order dated January 14, 2010. In that Order, Judge Brimmer dismissed Claims Three, Four, Five, Six, and a portion of Claim Seven as procedurally barred. (Doc. # 11 at 8.) Judge Brimmer allowed Claims One,

3

Two, and the remaining portion of Claim Seven to proceed. (*Id.*) The motion was referred to Magistrate Judge Hegarty, who construed the motion as one made pursuant to Rule 59(e), not Rule 60. Applicant does not object to this interpretation and the Court finds it proper.

**A.     APPLICANT'S RULE 59(E) MOTION**

There are three grounds upon which a motion under Rule 59(e) may be granted: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence' ") (quotation and internal quotation marks omitted). Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Does*, 204 F.3d at 1012. Such a motion is committed to the trial court's discretion. *See Phelps*, 122 F.3d at 1324.

Applicant presents five arguments in his motion. First, he argues Judge Brimmer did not have jurisdiction to determine that Applicant's claims were procedurally barred under state law. (Doc. # 17 at 1.) Second, he argues Judge Brimmer incorrectly applied Colo. R. Crim. P. 35(c)(3)(VII). (*Id.* at 1-2.) Third, he argues that, contrary to Judge Brimmer's Order, he has shown "cause" and "prejudice" for the procedurally defaulted claims, and that this Court should "stay and abet" the case so that he can

4

"return to state district court to exhaust these unexhausted claims." (*Id.* at 2, 4, 6.) Fourth, Applicant maintains his claims are not procedurally barred because Judge Brimmer incorrectly held that Applicant was time barred from filing a post conviction motion pursuant to Colo. Rev. Stat. § 16-5-402. (*Id.* at 4.) Finally, he disputes whether Judge Brimmer's Order is valid because "it was not entered by a judge," but rather, "by an unknown person who may or may not have the authority to issue rulings." (*Id.* at 5.)

Magistrate Judge Hegarty made seven recommendations, through which he addressed all of Applicant's arguments. Because Applicant did not cite an "intervening change in the law or the "availability of new evidence" as grounds for his motion, Magistrate Judge Hegarty construed Applicant's motion as challenging the legal correctness of Judge Brimmer's order. Accordingly, he first found no clear error or manifest injustice in Judge Brimmer's exercise of jurisdiction. He next found that Judge Brimmer had correctly held Claim Three was procedurally defaulted because it did not "complete one round of the State's established normal appellate review process." Third, he found that Judge Brimmer had not misapplied the law in determining that Claims Four, Five, Six, and a portion of Claim Seven were procedurally defaulted. Fourth, Magistrate Judge Hegarty found that Judge Brimmer had not misapplied the law in determining that Applicant failed to demonstrate either cause or prejudice for these procedural defaults. He then considered Applicant's request that the Court "stay and abet" the procedurally defaulted claims so that Applicant may return to state court and exhaust his unexhausted claims. He found it inappropriate to hold the federal case in

5

abeyance because Applicant no longer had an adequate and effective state remedy available to him for those claims.  Magistrate Judge Hegarty next considered Applicant's argument that Colo. Rev. Stat. § 16-5-402 cannot be the basis upon which his claims are procedurally barred.  He concluded this claim was without merit because, contrary to Applicant's assertions, the District Court held that Applicant's claims were procedurally defaulted pursuant to Colo. R. Crim. P. 35(c)(3)(VII), not Colo. Rev. Stat. § 16-5-402.  Finally, Magistrate Judge Hegarty concluded that Judge Brimmer, a United States District Judge, had signed the Order on January 13, 2010.  Accordingly, Applicant's argument that the Order was "entered for a judge by an unknown person" presents no clear error.

## B.     APPLICANT'S OBJECTIONS

Applicant objects to these recommendations.  In a section labeled "Specific Objections," he advances four objections.  (Doc. # 31 at 5.)  Two of them, however, are general objections and are thus disregarded.[2]  The Court will consider the two specific objections.  They both appear to target the same issue—whether Applicant's procedural

---

[2] Applicant objects, generally, to the Magistrate's recommendation that his request grant and abeyance be denied.  (Doc. # 31 at 5.)  He does not explain the basis for this objection.  He also generally objects to the Magistrate's recommendation that this motion be denied.  (*Id.*)  These objections are too generic to allow a meaningful review.  *See Smith v. Krieger*, 643 F. Supp. 2d 1274, 1278-79 (D. Colo. 2009) ("For an objection to be sufficiently specific, it must '"enable[ ] the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."') (citations omitted).  Accordingly, the Court disregards these objections.  To the extent these objections are encompassed in the two other objections—those issues will be reviewed *de novo.*

defaults can be excused on the grounds of "cause" and "prejudice" or a "fundamental miscarriage of justice."

> A federal court may proceed to the merits of a procedurally defaulted habeas claim if the petitioner establishes either cause for the default and actual prejudice or a fundamental miscarriage of justice if the merits of the claim are not reached. The determination of cause and prejudice and of fundamental miscarriage of justice are both matters of federal law.

*Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997) (citations omitted).

To show sufficient "cause," Applicant must generally show that "some objective factor external to the defense" caused his failure to properly raise his federal constitutional claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994). Cause may be established, for example, by showing that "the factual or legal basis for a claim was not reasonably available to counsel" or that there was "some interference by officials that made compliance impracticable." *Demarest*, 130 F.3d at 941 (internal quotations mark and citations omitted). If cause is established, then Applicant must show he suffered actual prejudice resulting from the errors of which he complains. *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). "Alternatively, a federal court may proceed to the merits of a procedurally defaulted claim if the petitioner establishes that a failure to consider the claim would result in a fundamental miscarriage of justice. To come within this very narrow

7

exception, the petitioner must supplement his habeas claim with a colorable showing of factual innocence." *Demarest*, 130 F.3d at 941 (citations and internal quotation marks omitted).

The Court has liberally construed Applicant's specific objections. However, as discussed below, Applicant's discussion strays from these objections. While some of it is properly devoted to raising objections to the Magistrate's recommendations, a significant portion does not address the Magistrate's recommendations. It addresses instead the merits of his claims. Because neither Judge Brimmer nor Judge Hegarty discussed the merits of his claims, but rather why those claims are defaulted and why the defaults cannot be excused, the Court disregards any such discussion. The Court proceeds on a claim by claim basis.

### 1. *Claim Three*

In Claim Three, Applicant asserts ineffective assistance of appellate counsel. In particular, he asserts she refused to raise a "dead bang winner" on appeal. (Doc. # 5 at 13.) Judge Brimmer found this claim procedurally barred because Applicant failed to raise a similar claim in his converted Rule 35(c) motion in the state trial court. (Doc. # 11 at 5-6.) Although Applicant raised this claim upon appeal to the Colorado Court of Appeals (CCA), the CCA declined to consider the claim because Applicant had failed to raise the issue in his Rule 35(c) motion. Without raising this claim in trial court, Applicant did not meet the requirement that he complete one round of the state's established normal appellate process. *See O'SullIvan v. Boerckel*, 526 U.S. 838, 845

(1999). Judge Brimmer also found that Applicant failed to demonstrate either cause and prejudice for this default or that a failure to consider the claim would result in a fundamental miscarriage of justice. (Doc. # 11 at 7.)

Upon review of Applicant's motion to reconsider, Magistrate Judge Hegarty found that Judge Brimmer had correctly held Claim Three was procedurally defaulted. He added that the record reflected that ineffective assistance of counsel was not the cause of the procedural default. (Doc. # 30 at 6.)

Applicant objects to that finding. His objection, however, goes beyond the scope of this Court's review. Assuming a *de novo* review of the Magistrate's findings, the Court's review is still constrained by the nature of Applicant's at-issue motion. The motion under review is a motion to reconsider made pursuant to Rule 59(e). The Rule 59(e) standard constrained the Magistrate's review as it does this Court's review. The Court reviews only to correct clear error or to prevent manifest injustice. *Does*, 204 F.3d at 1009.

Aside from that limited review, the Court is further constrained by the nature of Applicant's objections. Applicant argues the merits of Claim Three. (Doc. # 31 at 10.) He reasserts that appellate counsel failed to raise a "dead bang winner" on appeal and that this failure constituted ineffective assistance of counsel. Judge Brimmer, however, did not address the merits of Claim Three. He found it procedurally barred–thus precluding a review on the merits.

9

Aside from discussing the merits of his claim, Applicant objects to Judge Brimmer's finding of no cause or prejudice. Applicant attributes his procedural defaults to "the errors and actions of officials from the El Paso County District Court." (Doc. # 31 at 7.) He also cites his own confusion as "cause" for his defaults. (*Id.* at 8-9.)

The Court has conducted a *de novo* review. It agrees with Magistrate Judge Hegarty that Judge Brimmer correctly applied the law in making his findings. His findings present neither clear error nor manifest injustice. Accordingly, the Court affirms and adopts the Magistrate Judge's recommendation denying reconsideration of Judge Brimmer's order.

### 2. *Claims Four, Five, Six*

In Claim Four, Applicant asserts ineffective assistance of trial counsel for counsel's failure to investigate and uncover exculpatory evidence. (Doc. # 5 at 14.) In Claim Five, he asserts the trial court abused its discretion for failing to inquire into a potential conflict of interest between Applicant and his counsel. (*Id.* at 16.) In Claim Six, he asserts that the trial court denied him his right to represent himself and to present a defense. (*Id.* at 18.)

Applicant concedes these claims are procedurally barred–a concession noted by Judge Brimmer. Judge Brimmer found that Applicant failed to demonstrate cause and prejudice for these procedural defaults or that a failure to consider these claims would result in a fundamental miscarriage of justice. (Doc. # 11 at 7.)

Magistrate Judge Hegarty found that Judge Brimmer had not misapplied the law in making his findings. Applicant objects to this finding. To the extent his objections go to the merits of these claims, the Court disregards them. (*See* Doc. 31 at 11-15.)

The Court agrees with the Magistrate Judge and finds that Judge Brimmer did not misapply the law in finding these claims are defaulted and in finding that Applicant had not demonstrated cause and prejudice for these defaults. Accordingly, the Court affirms and adopts the Magistrate Judge's recommendation denying reconsideration of Judge Brimmer's order.

### 3. *Claim Seven*

In Claim Seven, Applicant asserts the trial court erred in failing to find that, but for appellate counsel's deficient performance, there is a reasonable probability the outcome of the trial would have been different. (Doc. # 5 at 20.) This failure, he argues, "chilled" his right to due process and effective assistance of counsel which in turn prejudiced his ability to litigate his Rule 35(c) motion. (*Id.*)

Judge Brimmer found this claim partially barred because the alleged "chilling" and resulting deprivations had never been presented to any state court. He also found that Applicant failed to show cause and prejudice for this default or that a failure to consider the claim will result in a fundamental miscarriage of justice.

Magistrate Judge Hegarty found that Judge Brimmer did not misapply the law in making his findings. Applicant does not object to this finding. Accordingly, in the

absence of clear error or the need to prevent manifest injustice, the Court affirms and adopts the Magistrate Judge's recommendation.

## IV.  CONCLUSION

For these reasons, the Court OVERRULES Applicant's objections and ADOPTS Magistrate Judge Hegarty's Recommendation of June 25, 2010 (Doc. # 30).  Thus, the Court DENIES Applicant's "Motion Under Rule 60 Federal Civil Rules"  (Doc. # 17).

DATED: August 31, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge