**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02271-CMA

DARRELL ALAN HYBERG,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DENYING APPLICATION FOR A WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C § 2254
AND DISMISSING ACTION WITH PREJUDICE**

---

The matter is before the Court on Applicant's October 23, 2009, Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. # 5.) The Application has been briefed and oral argument would not assist the Court in its adjudication.

For the reasons stated below, the Application is DENIED and this action is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

On March 22, 2003, Applicant was convicted by a jury in El Paso County, Colorado District Court on charges of first-degree murder after deliberation, first-degree burglary, and second-degree burglary. *Pre-Answer Response* (Doc. # 9), Appendix A at 21. The Colorado Court of Appeals summarized the underlying facts as follows:

> Defendant used a key to enter the home of his former girlfriend (the victim). When the victim returned home, Defendant shot her in the head and killed her.
>
> In a suicide note which defendant addressed to his parents and left at the scene of the shooting, defendant wrote that he would see them "on the other side" and that he was "taking [the victim] with" him. In this same note, defendant explained that he was unwilling to serve the lengthy prison sentence that would be imposed if he were to be convicted of a then-pending second degree assault charge that had been filed against him based on an incident that had occurred approximately five months before.
>
> At trial, defendant testified and admitted shooting the victim. However, he claimed that he had acted in a sudden heat of passion because the victim had threatened to prevent him from seeing the couple's children.

*Id.*, Appendix D at 1.

Applicant was sentenced to life without parole on the first-degree murder conviction and concurrent sentences of 32 years on the first-degree burglary conviction and 24 years on the second-degree burglary conviction. *Id.*, Appendix A at 21. He is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Sterling Correctional Facility.

On December 31, 2003, Applicant's appellate counsel wrote Applicant a letter addressing various topics pertaining to the preparation of his appeal. Included in the letter was a statement by counsel that "it has been brought to my attention by the staff at the Sterling facility that you have been looking up my other clients housed there in an effort to have them join you in a complaint against me." *Id.*, Appendix I at 46.

Applicant filed a direct appeal of his conviction to the Colorado Court of Appeals, which affirmed the judgment of the trial court on April 7, 2005. *Id.*, Appendix D. On

April 12, 2005, Applicant's appellate counsel informed Applicant by letter that she would not be filing a motion for rehearing in the Colorado Court of Appeals and that "[t]he only other thing that can be done about the direct appeal now is to file a petition for review on certiorari in the Colorado Supreme Court, which I will do within the 45 days allowed from the date of the opinion denying your appeal." *Traverse to Answer* (Doc. # 28), Appendix A.  However, on July 11, 2005, after the deadline for filing a petition for writ of certiorari had expired, Applicant's counsel wrote Applicant another letter stating, "I have not and will not be filing a petition for writ of certiorari.  The reason for this is that, after reviewing your opinion, your file, and the pertinent law, I have concluded that there is no basis upon which to seek review on certiorari.  I am constrained by law not to file any pleading that I believe is frivolous." *Id.*, Appendix B at 1.

On December 8, 2005, Applicant filed a "Petition for a Rule to Show Cause in Exercise of Original Jurisdiction" in the Colorado Supreme Court, asserting error by both the state trial and appellate courts. *Pre-Answer Response* (Doc. # 9), Appendix F.  The Petition was denied by the Colorado Supreme Court on December 19, 2005. *Id.*, Appendix A at 23.

Applicant then filed a state habeas corpus petition in Logan County, Colorado District Court on February 28, 2006. *Id.*, Appendix R at 2.  The Logan County District Court converted the petition to a Colo. R. Crim. P. 35(c) motion, and transferred the case to El Paso County District Court. *Objection to Magistrate Recommendation On Applicant's Motion to Reconsider* (Doc. # 31) at 20 of 41.  On November 7, 2006,

Applicant re-filed his state habeas action in El Paso County District Court, despite the fact that his Logan County habeas petition had already been incorporated into his original criminal case. *Pre-Answer Response* (Doc. # 9), Appendix G. In his petition, Applicant argued that his Sixth Amendment right to effective assistance of counsel had been violated by his appellate counsel's failure to file a petition for writ of certiorari in the Colorado Supreme Court. *Id.* at 5.

El Paso County District Court denied the Rule 35(c) motion on February 26, 2007. *Id.,* Appendix A at 22-23. Applicant appealed that order to the Colorado Court of Appeals on March 15, 2007. *Id.*, Appendix A at 23. On February 26, 2009, the Colorado Court of Appeals affirmed the El Paso County District Court's order. *Id.,* Appendix L (*People v. Hyberg*, No. 07CA0489 (Colo. App. Feb. 26, 2009) (unpublished)). Applicant filed a Petition for Rehearing, which the Colorado Court of Appeals denied on April 9, 2009. *Id.,* Appendix N. Applicant then filed a Petition for Writ of Certiorari in the Colorado Supreme Court, which was summarily denied on July 20, 2009. *Id.*, Appendix P.

Applicant filed his Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on October 23, 2009, pleading seven claims for relief. On January 24, 2010, the Court dismissed as procedurally barred claims three, four, five, six, and a portion of claim seven, allowing the case to proceed on the first and second claims and a portion of the seventh claim. *See Order to Draw in Part and Dismiss in Part,* filed January 14, 2010 (Doc. # 11).

Applicant's first claim for relief asserts that his appellate counsel provided ineffective assistance in violation of the Sixth Amendment by failing to file a petition for writ of certiorari in the Colorado Supreme Court.  His second claim for relief alleges that his appellate counsel provided ineffective assistance because she suffered from a conflict of interest, referencing his counsel's December 31, 2003, letter.  The surviving portion of Applicant's seventh claim alleges that Applicant was prejudiced by his counsel's failure to file the petition for certiorari referenced in claim one.  This claim is properly treated as a subset of the first claim, since prejudice is an element of an ineffective assistance of counsel claim.  Thus, the Court will consider the first claim and the surviving portion of the seventh claim together.

## II. LEGAL STANDARDS

### A.      28 U.S.C. § 2254

A federal district court reviewing a 28 U.S.C. § 2254 habeas petition does not re-examine the state court's determination of state-law questions.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Rather, "in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.*

An application for a writ of habeas corpus by a person in state custody may be granted only where the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d)(1), (2). Thus, the court must first determine "whether the petitioner seeks to apply a rule of law that was 'clearly established' by the Supreme Court at the time the conviction became final." *Valdez v. Ward*, 219 F.3d 1222, 1229 (10th Cir. 2000); *see also House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008). If the answer is yes, then the court goes on to determine whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law. A state court decision is "contrary to" clearly established federal law where it (1) "applies a rule that contradicts the governing law set forth in Supreme Court cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 404 (2000)) (internal quotation marks and brackets omitted). A state court decision is "an unreasonable application of" clearly established federal law where it is "objectively unreasonable," meaning that "most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Id.* at 671.

Factual findings by the state court are presumed to be correct, and Applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.     *PRO SE* STATUS**

Because Applicant is proceeding *pro se*, the Court construes his filings liberally and holds them to a less stringent standard than filings drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as an advocate for a *pro se* litigant.  *Id.*

**C.     EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TIMELINESS**

This Court has previously ruled that claim one, claim two, and the surviving portion of claim seven were exhausted in state court, *see Order to Draw in Part and Dismiss in Part*, filed January 14, 2010 (Doc. # 11), and Respondents do not argue otherwise.  Respondents also do not dispute that the present Application is timely under the one-year statute of limitations set forth in 28 U.S.C. § 2244.

### III.   ANALYSIS

**A.     INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON FAILURE TO FILE PETITION FOR WRIT OF CERTIORARI**

Applicant's first claim and the surviving portion of his seventh claim assert that Applicant's appellate counsel provided ineffective assistance in violation of the Sixth Amendment by failing to file a petition for writ of certiorari in the Colorado Supreme Court seeking review of the decision on Applicant's direct appeal.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee criminal defendants the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 706 (1984).  However, while criminal defendants have a constitutional right to counsel on their first-level direct appeal as of right, *see Roe v.*

*Flores-Ortega*, 528 U.S. 470, 477 (2000); *Douglas v. California*, 372 U.S. 353 (1963), under clearly established Supreme Court authority they do not have a constitutional right to counsel to pursue discretionary appellate review in a state's highest court.  *See Ross v. Moffitt*, 417 U.S. 600, 610 (1974) *(*no constitutional right to counsel to pursue discretionary state appeals or applications for review by state's highest court); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (same); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").  Where a defendant has no constitutional right to counsel, he or she cannot be denied the effective assistance of counsel.  *Wainwright*, 455 U.S. at 587-88.  Thus, a defendant cannot be denied his or her right to effective assistance of counsel under the U.S. Constitution based on counsel's failure to file a discretionary appeal in the state's highest court.  *Id.*

Review by the Colorado Supreme Court on a petition for writ of certiorari is discretionary.  *See* Colo. R. App. P. 49(a) ("A review in the [Colorado] Supreme Court on writ of certiorari . . . is a matter of sound judicial discretion and will be granted only when there are special and important reasons therefor."); *see also Sutterfield v. District Court*, 438 P.2d 236, 239 (Colo. 1968) ("[T]he issuance of a writ of certiorari is always discretionary"); *Office of the State Court Administrator v. Background Information Servs., Inc.*, 994 P.2d 420, 426 (Colo. 1999) ("Certiorari is not a matter of right.").

In *People v. Valdez*, 789 P.2d 406 (Colo. 1990), the Colorado Supreme Court drew a distinction between its review of a petition for writ of certiorari, which is

discretionary, and the filing of the petition itself, which, under the Colorado Rules of Appellate Procedure, as authorized by the grant of appellate jurisdiction in the Colorado Constitution, is "an application of right." *Valdez*, 789 P.2d at 408. Relying on this distinction, the *Valdez* court held that because "Valdez had a right to file his application for certiorari review by this court of the judgment of the Court of Appeals . . . [h]e therefore had a right to obtain counsel and to rely on such counsel's skill for the purpose of preparing and filing that application. *Id.*

Under U.S. Supreme Court law, however, the relevant inquiry for determining the existence of a right to counsel under the U.S. Constitution is not whether a criminal defendant has the absolute right to *file* a petition for writ of certiorari, but, rather, whether he or she has the absolute right to *obtain appellate review* by the Colorado Supreme Court based upon that petition. *See Ross*, 417 U.S. at 610-615; *Wainwright*, 455 U.S. 587-88. Again, the Colorado Supreme Court has absolute discretion to grant or deny review upon a petition for writ of certiorari; that review is not a matter of right. *See* Colo. R. App. P. 49(a); *Valdez*, 789 P.2d at 408. Applicant thus had no right to counsel under the U.S. Constitution in requesting discretionary review by the Colorado Supreme Court. Accordingly, he was not deprived of any federal constitutional right when his counsel failed to file a petition for certiorari seeking such review.

Although the Colorado Court of Appeals properly recognized in its February 26, 2009, Opinion that "the grant of a petition for writ of certiorari is a matter lying entirely within the discretion of the supreme court," *Pre-Answer Response* (Doc. # 9), Appendix

L at 8, the court did not apply *Ross* and *Wainwright*'s holdings that no constitutional right to counsel attaches to discretionary appeals. Instead, the Court of Appeals proceeded to apply the two-pronged test for ineffective assistance of counsel claims under *Strickland*,[1] ultimately concluding that Applicant had not alleged any prejudice resulting from his counsel's failure to file the petition. To the extent that the Court of Appeals overlooked *Ross* and *Wainwright* and proceeded to apply *Strickland*, it misapplied federal law - in Applicant's favor - by affording Applicant a right that does not exist under federal law and proceeding further in the analysis than was required. Any such error was harmless and provides no basis for relief under 28 U.S.C. § 2254. *See Herrera v. Lemaster*, 301 F.3d 1192, 1199 (10th Cir. 2002) (applying harmless error standard to state court adjudication). The Court of Appeals' ultimate determination that Applicant is not entitled to relief on an ineffectiveness claim based on his counsel's failure to file the petition for certiorari is consistent with federal law.

**B.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM BASED ON ALLEGED CONFLICT OF INTEREST**

In his second claim for relief, Applicant alleges that his appellate counsel provided ineffective assistance because she suffered from a conflict of interest. As the Colorado Court of Appeals recognized, the "sole 'evidence' [Applicant] cites in support of his assertion is a single sentence of a letter from his appellate counsel: '[I]t has been brought to my attention by the staff at the Sterling facility that you have been looking up

---

[1] Under *Strickland*, a defendant alleging ineffective assistance of counsel must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.   *Strickland*, 466 U.S. at 694, 706 (1984).

my other clients housed there in an effort to have them join you in a complaint against me.'"  *Pre-Answer Response* (Doc. # 9), Appendix L at 11.  Applicant contends that his counsel's statement concerning her communication with staff at the Sterling facility constitutes evidence that his attorney was colluding with the state.  *See Traverse to Answer* (Doc. # 28) at 15.

The Colorado Court of Appeals determined that Applicant's conflict of interest contention "is entirely speculative and without factual support," concluding that "[t]his communication between the Sterling facility staff and Hyberg's appellate counsel is insufficient to show, or even suggest, collusion."  *Pre-Answer Response* (Doc. # 9), Appendix L at 11.  Although the Court of Appeals cited to no federal authority in rejecting the claim, it was not required to do so "so long as neither the reasoning nor the result" of its decision contradicts U.S. Supreme Court case law.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  This Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, the Court "must uphold the state court's summary decision unless [its] independent review of the record and pertinent federal law persuades [it] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.*

Under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), if an applicant can demonstrate that an "actual conflict of interest adversely affected his lawyer's performance," *id.* at 348, meaning that "his counsel actively represented conflicting interests," *id.* at 350, he

11

can establish a violation of his Sixth Amendment right to effective assistance of counsel without demonstrating a probable effect on the outcome of his case. *See id.*; *see also Strickland* 466 U.S. at 692 (under *Cuyler*, "prejudice is presumed when counsel is burdened by an actual conflict of interest."). However, the U.S. Supreme Court has never applied *Cuyler* outside of the context of an attorney representing multiple defendants. *See Mickens v. Taylor*, 535 U.S. 162, 176 (2002) (any extension of *Cuyler* outside of the context of joint representation is "an open question"); *Schwab v. Crosby*, 451 F.3d 1308, 1327 (11th Cir. 2006) ("[T]here is no Supreme Court decision holding that any kind of presumed prejudice rule applies outside the multiple representation context."); *Montoya v. Lytle*, 2002 WL 31579759, *2 (10th Cir. Nov. 20, 2002) (the Supreme Court "has never extended the *Cuyler* standard to cases involving successive, rather than multiple, representation."). Thus, there is no clearly established Supreme Court authority applying *Cuyler* to circumstances, such as those alleged here, which do not involve multiple representation.

Although Applicant's claim is not evaluated under *Cuyler*, Applicant nonetheless may establish that his counsel was ineffective based upon her communication with staff at the Sterling facility if he is able to satisfy the requirements set forth in *Strickland*. *See Hale v. Gibson*, 227 F.3d 1298, 1313 n.4 (10th Cir. 2000). Accordingly, Applicant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 706. Counsel's statement in her December 31, 2003, letter provides no evidence of deficient performance, much less "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Further, Applicant has made no showing that but for counsel's communication with staff at the Sterling facility, or her belief that Applicant had talked with other inmates about filing a complaint against her, the result of his appeal would have been different. *See id.* at 694. The Court of Appeals' rejection of Applicant's conflict of interest claim was not contrary to, or an unreasonable application of, clearly established federal law.

## C.     REQUEST FOR HEARING

While Applicant has requested an evidentiary hearing before this Court on his Application, he is entitled to an evidentiary hearing only "if his allegations, if true and not contravened by the record, entitle him to habeas relief." *Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000), *abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001); *see also* 28 U.S.C. § 2254(e)(2). Applicant's factual allegations do not meet this standard. The Court has carefully considered the Application and is able to determine the issues presented thereby based upon the submitted record. *See Anderson v. Attorney General*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.").

## IV. **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Applicant's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed October 23, 2009 (Doc. # 5) is DENIED and this civil action hereby is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability should not issue because Applicant has not made a substantial showing of the denial of a constitutional right. "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Applicant is not entitled to a certificate of appealability.

DATED:  April  13 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge